IN THE UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

NO. 22-1818

UNITED STATES OF AMERICA
Respondent/Appellee

VS.

ADOLFO DIAZ
Petitioner/Appellant

ON APPEAL FROM THE ORDER OF DENIAL OF 18 U.S.C. 3582(c)
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
ENTERED JULY 28TH 2022, NO. 16-CR-719 (RJS)

BRIEF FOR APPELLANT

## TABLE OF CONTENTS

| SUBJECT | PAGE |
|---|---|
| COVER PAGE | 1 |
| TABLE OF CONTENTS | 2 |
| TABLE OF CITATIONS | 3 |
| STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION | 4 |
| STATEMENT OF THE ISSUE | 5 |
| STANDARD OF REVIEW | 6 |
| STATEMENT OF THE CASE | 7 |
| SUMMARY OF THE ARGUMENT | 8 |
| ARGUMENT | 9 |
| CONCLUSION | 13 |
| CERTIFICATE OF SERVICE | 13 |

TABLE OF CONTENTS

FEDERAL CASES                                                                                         PAGE.

Koon v United States  518 U.S. 81,113 (1996) ...................................................................13

Pepper v United States  562 U.S. 476 (2011) ............................................................11 12 13

United States v Bass  462 F. Supp.3d 176,189 (N.D. N.Y. 2020) ........................................12

United States v Brooker  976 F.3d 228,237 (2d cir. 2020) ...................................................10

United States v Brown  457 F.Supp.3d 691,701 (S.D.Iowa 2020) ........................................13

United States v Gotti  433 F.Supp.3d 613,614 (S.D.N.Y. 2020) ............................................9

United states v Keitt  21 f. 4th 67,73 (2d cir. 2021) ...............................................................10

United States v Marks  455 F.Supp.3d 17,36 (W.D.N.Y. 2020) ............................................12

United states v Mclean Nos.08-cr-789-7 (RJS) 12-cv-1954 (RJS) 2022 WL 1125946 at 6 (S.D.N.Y. Apr. 15,2022) .....11

United States v Sain  NO. 07-20309, 2020 U.S. Dist. Lexis 185190 at 13 (E.D. Mich. Oct. 6,2020) ....................13

STATUTES

18 U.S.C. 924(C)(1)(A) ............................................................................................................9

18 U.S.C. 1951 ..............................................................................................................Passim

18 U.S.C. 3553(a) .........................................................................................................Passim

18 U.S.C. 3582(c)(1)(A)

DICTIONARY

Blacks Law Ninth Edition at pg. 11. ........................................................................................10

## STATEMENT OF THE SUBJECT MATTER
## AND APPELLATE JURISDICTION

The United States District court for the southern district of New York, had subject matter Jurisdiction over this case pursuant to 18 U.S.C. 3231, Wherein, the district court of the United States shall have original jurisdiction exclusive of the courts of the states, of all of all the offenses against the laws of the united States based on the violation of federal criminal statutes.

As this is an appeal from a final judgment of motion for sentence reduction (18 U.S.C. 3582(c)(1)(A) entered by the United States district court for the southern district of New York, appellate jurisdiction lies under 28 U.S.C.1291 and 28 U.S.C. 3742(a).

On April 27th 2017, Appellant plead guilty and on January 11th, 2019, was sentenced to a total of 120 months imprisonment with five years supervised release.

On March 17th 2022, Appellant filed a motion for sentence reduction under 18 U.S.C. 3582(c). The judgment of the denial of the section 3582(c) from which this appeal is taken, was entered on the docket, on July 28, 2022.

Adolfo Diaz filed his timely notice of appeal and therefore, his appeal is timely under federal rules of appellate Procedure 4(b).

## STATEMENT OF THE ISSUE

1. WHETHER OR NOT THE DISTRICT COURT ABUSED ITS DISCRETION, when denying appellant Diaz's motion for compassionate release under 18 U.S.C. 3582(c)(1)(A), in light of the sentencing factors in 18 U.S.C. 3553(a).

APPELLANT SAYS YES.

## THE STANDARD OF REVIEW

Question 1. Involves the reasonableness of appellants motion to reduce sentence. the standard of review for this claim is for an abuse of discretion.

STATEMENT OF THE CASE

Relevant Facts:

In September 2016, defendant Diaz and four others conspired to commit armedd Robbery of a Bronx drug dealer whom they believed to be in possession of two kilograms of cocaine.

Diaz, who was affiliated with a Yonkers-based gang engaged in drug dealing and gun possession, recruited one of his suppliers, Ronny Lopez, to provide a vehicle for the armed robbery.

According to the plan, Diaz would serve as a lookout and provide protection, if needed, to the other conspirators while they carried out the robbery.

With the help of an informant, law enforcement officers arrested Diaz and his co-conspirators in a Target parking lot on September 28, 2016, as they prepared to initiate the armed robbery.

At the time of the arrest, Diaz was on bail for an unrelated armed robbery.

On April 27, 2017, Diaz pled guilty to one count of conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. 1951 and one count of Using, Carrying and possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. 924(c)(1)(A)(i) and 924(c)(2).

On January 11, 2019, the court sentenced Diaz to an aggregate term of 120 months imprisonment (60 months on the conspiracy count and 60 months on the firearm count to be served consecutively) and five years of supervised release.

On March 17, 2022, Diaz files his motion for compassionate release under 18 U.S.C. 3582(C)(1)(a) and asserted three (3) extraordinary and compelling reasons for relief. (1). Extensive Rehabilitation (2). Breathing Issues that significantly increase his odds of becoming seriously ill from Covid-19, (3). Especially Harsh conditions brought on by the pandemic.

On July 28, 2022, the district court dismissed the 18 U.S.C. 3582(C) motion holding that, the court finds that a sentence reduction is not warranted in light of the factors set forth in 18 U.S.C. 3553(a).

On October 3, 2022, the Appellant Diaz filed his notice of appeal.

7

## SUMMARY OF ARGUMENT

Petitioner argues that the district court abused its discretion in dismissing his motion for compassionate release under 18 U.S.C. 3582(c)(1)(A) in light of the sentencing factors of 18 U.S.C.3553(a) that was used against the appellant at trial, rather than considering his post sentence rehabilitation as required by Pepper v. United states holding that a court must sentence a defendant as he stands before the court today.

## ARGUMENT

Whether or not the District Court abused its discretion when denying Appellant Adolfo Diaz's motion for compassionate release or a reduction in sentence under 18 U.S.C. Section 3582(c)(1)(A) in light of the sentencing factors set forth in 18 U.S.C. Section 3553(a)? Appellant Diaz's answers in the affirmative.

On April 27, 2017, Diaz pled guilty to conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. Section 1951, and carrying and possessing a firearm in furtherance of the conspiracy in violation of 18 U.S.C. Section 924(c)(1)(A)(i) and 18 U.S.C. Section 2 (Plea Agreement)(Doc. No. 78).

On January 11, 2019, the District Court sentenced Diaz to an aggregated term of 120 months imprisonment; that is, imposing 60 months for Hobbs Act robbery and imposing 60 months for possession of a firearm to be served consecutively and additionally a five year period of supervised release (Doc. No. 215 @ 2-3).

On March 17, 2022, Diaz filed his motion for compassionate release, 18 U.S.C. Section 3582(c)(1)(A), and asserted three (3) extraordinary and compelling reasons for relief which are as follows: (1) Extensive rehabilitation; (2) breathing issues that significantly increase his odds of becoming seriously ill from COVID-19 and or its variants; and (3) especially and extremely harsh prison conditions brought on by the pandemic. (See Appellant Diaz's Section 3582(c) motion at pages 10-11).

On March 28, 2022, the District Court dismissed the Section-3582 motion, holding; "The Court finds that a Sentencing reduction is not warranted in light of the factors set forth in 18 U.S.C. Section 3553(a)." See Court Order of Dismissal at Pages 2-5).

Petitioner now argues that the District Court abused its discretion when relying on the 3553(a) factors to deny relief when in fact the case law of the United States Supreme Court including district courts are totally inapposite of the District Court's judgment in Diaz's case. More specifically the District Court narrowly held as follows:

> The Court may not modify a term of imprisonment once it has been imposed except pursuant to statute, United States v, Gotti 433 F. supp 3d 613, 614 (S.D.N.Y. 2020). In the First Step Act of 2018, Congress authorized Courts to grant in their discretion, a sentence reduction to a defendant who has made a showing of extraordinary and compelling reasons that warrant such a reduction. Where, as here, the motion is

9

brought by the defendant, as opposed to the BOP on a defendant's behalf, a district court can consider any factor it deems relevant. See United States v. Brooker, 976 F.3d 228, 237 (2nd Cir. 2020). The Second Circuit has explained that to be eligible for a sentence reduction, a defendant must both satisfy ... the Section 3553(a) factors and make a showing of extraordinary and compelling reasons supporting a reduction. United States v. Keitt, 21 F.4th 67, 73 (2nd Cir. 2021). In other words, if a district court determines that one of those conditions is lacking, it need not address the remaining one.

The Court further stated in his motion for compassionate release Diaz asserts that extraordinary and compelling reasons warrant his release under 18 U.S.C. Section 3582(c)(1)(A)(i). First, he details his extensive participation in rehabilitation and educational programs offered by the BOP. (Doc. No. 293 at pgs 3-7). Second, he claims that he has ongoing breathing issues as a result of a 2013 stabbing and subsequent improper medical treatment that significantly increased his odds of becoming seriously ill from COVID-19 or its many variants. (Id. at 7-10). Third, Diaz argues that the especially harsh conditions of his incarceration brought on by the pandemic - which could not have been foreseen by the court when it imposed sentence - further justified compassionate release. (Id., at 10-11).

But while the court acknowledges the hardships resulting from Diaz's health condition and the pandemic, and applauds Diaz for the many positive steps he has taken in the years since he was sentenced -- including his obtaining his GED, his completion of numerous programs offered by the BOP, his participation in group therapy, and his consistent work history while in custody -- the court remains convinced that a total sentence of 120 months imprisonment is appropriate in light of the Section 3553(a) factors discussed at sentencing. (See Court Order of dismissal, @ pg 3).

## ABUSE OF DISCRETION

An adjudicator's failure to exercise sound, reasonable and legal decision-making. See Black's Law Dictionary, Ninth Edition, at pg 11.

Appellant Diaz argues that the district court abused its discretion when it based its denial of the Section 3582(c)

motion on the Section 3553(a) factors as if Diaz was standing before the court at his original sentencing hearing and as the day he committed the crimes; this failure to exercise sound, reasonable and legal decision making since the Supreme Court has held in Pepper that a court should sentence a defendant as he stands before the court today. Pepper v. United States, 562 U.S. 467, 131 S.Ct. 1229, 179 L.Ed.2d 196, 215 (2011).

But, the district court in its Order of dismissal stated: The gravity of Diaz's crime and criminal history illustrates why the Section 3553(a) factors counsel against his release. As the Court observed at sentencing, Diaz played an active role in a conspiracy to commit armed robbery in broad daylight, at a location where innocent bystanders could have been harmed or killed. (See Sentence Trans. @ 61, 63). His conduct was not momentary or fleeting but rather apart of a dangerous and worrisome pattern of violence (Id., @ 38-39). Indeed, the court noted that Diaz committed this offense while on bail for an unrelated armed robbery (PSR @ 14) showing a deeply troubling lack of respect for the law.

Diaz's extensive criminal history also raises serious concern about his risk of recidivism and underscores the continuing need to protect the public from further crimes he might commit. 18 U.S.C. Section 3553(a)(2)(c).

The court is also cognizant of its duty to ensure that the sentence provides a just punishment for the offense and to avoid unwarranted sentence disparities. 3553(a)(2)(A)(a)(6) (See Court Order of Dismissal @ pg 3).

The court went on to hold that Diaz has already been the beneficiary of a below-guideline sentence. Further reducing his sentence would in the court's view be inconsistent with the goal of providing a just punishment for such serious conduct. See United States v. McClean, Nos. 08-Cr. 789-7 (RJS), 12 Cv. 1954 (RJS, 2022 WL 1125946 at *6 (S.D.N.Y. April 15, 2022) explaining that a further reduction now of an already below-guideline sentence would serve to undermine the sentence's deterrent effect and fail to adequately reflect the seriousness of the offense and promote respect for the law. Moreover, Diaz's coconspirator Ronny Lopez, whom the court regarded as comparable in culpability to Diaz, also received a sentence of 120 months imprisonment on the robbery conspiracy (Sent Trans. @ 55, 64). Granting Diaz's motion would therefore lead to unwarranted sentence disparity among similarly situated defendants. (See Court Order of Dismissal @ pgs 3-5).

For all of the reasons, the court concludes that a further reduction of Diaz's already below-guideline sentence is inconsistent with the Section 3553(a) factors and therefore unwarranted. Accordingly, the court respectfully denies

11

Diaz's compassionate release motion. (See Court Order of Dismissal @ pg 6).

Appellant Diaz avers that it has been over six years since he committed the crimes in this case, and even though his Section 3582(c) motion illustrated and supported that he is a totally different person than he was 72 months ago, through his extensive rehabilitation process of obtaining his GED, completing over 100 BOP programs, 500 hours of Challenge Programing, and extensive work history, and zero disciplinary infractions while incarcerated, see Section 3582(c) Motion at pgs 3-7, the district court still failed to base the 3553(a) factor on Appellant Diaz as he stood before the Court today.

Appellant Diaz argues that at the original sentencing, the court lacked proof of substantial good behavior and rehabilitation in prison for the entire six-years of imprisonment. That proof naturally bears directly on Section 3553(a) factors. Pepper, 562 U.S. at 493. Particularly because sustained good behavior is strong evidence that further incarceration is not warranted to satisfy the need for specific deterrence.

Further appellant Diaz submits to this Honorable Court that regardless of whether or not he has received a below-guideline sentence, or that his coconspirator received a similar sentence on the charge of conspiracy to commit robbery. Simply put, the district court at that point was required to view Appellant Diaz based on 3553(a) factors as if the sentencing proceeding was his initial sentencing proceeding. *

As stated supra, the Appellant Diaz is no longer the same person and therefore it is an abuse of discretion to base the Section 3553(a) factors against him without taking into consideration the transformed man who he has become today. United States v. Bass, 462 F.Supp. 3d 176, 189 (N.D.N.Y. 2020(noting defendant's mostly clean disciplinary record from his time in prison and that defendant's ability to largely follow rules while incarcerated suggests that he will do so once released which minimizes the danger he poses to the community); United States v. Marks, 455 F.Supp.3d 17, 36 (W.D.N.Y. 2020)(reducing 40-year sentence to 20-years and saying considering all the evidence, the court must make an independent determination, and in this case, given Marks' clean disciplinary record for many years past, and his demonstrably successful efforts at rehabilitation, I conclude that upon release, he will not pose

---

* The district court apparently did not read the many court opinions in which a defendant was released based on compassionate release or reduction in sentence where a co-defendant later filed a motion and the court gave the identical relief it gave the initial filer to avoid an unwarranted disparity.

12

a danger to the community); United States v. Sain, 2020 U.S. Dist. Lexis 185190 at *13 (E.D. Mich Oct. 6, 2020) (Given Sain's clean prison disciplinary record, incarceration is unnecessary to protect the public from further crimes of the defendant. (quoting United States v. Brown, 457 F.Supp.3d 691, 701 (S.D. Iowa 2020).

The United States Supreme Court has held that it has been uniform and consistent in the Federal Judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. Koon v. United States, 518 U.S. 81, 113 (1996). Underlying this tradition is the principle that the punishment should fit the offender and not merely the crime. Pepper v. United States, 562 U.S. 476, 487-488 (2011).

## CONCLUSION

Appellant Diaz states that his rehabilitation bears directly upon the factors set forth under Section 3553(a), but, the district court while acknowledging the rehabilitation failed to take into consideration as Pepper instructs and demands, and therefore the lower court committed an abuse of discretion in this case.

Appellant Diaz therefore respectfully asks this Appellate Court for a reversal and remand to the district court for further proceedings consistent with this Court's anticipated instructions to rectify the abuse of discretion.

Dated: December 13, 2022

Respectfully submitted,

*Adolfo Diaz*
Adolfo Diaz,    Pro-se

*Adolfo Diaz*

## CERTIFICATE OF SERVICE

I, Adolfo Diaz, hereby declares under penalty of perjury that I have served a copy of this appellate brief upon United States Attorney Eli J. Mark, at One St. Andrew Plaza, New York, New York 10007 on this 13 day of , 2022.

*Adolfo Diaz*
Respectfully submitted,

*Adolfo Diaz*
Adolfo Diaz,    Pro-se
Reg. # 78156-054
USP Allenwood, Box 3000
White Deer, Pa 17887

78156-054
Adolfo Diaz
U.S.P Allenwood
3000 P.O BOX
White DEER, PA 17887
United States





United States court of Appeals
United States courtHouse
40 Foley Sauere
New York, NY 10007

Mailed From US Penitentiary

Legal mail

Legal ma