# 22-1818

*To Be Argued By*:
ELI J. MARK

## United States Court of Appeals
### FOR THE SECOND CIRCUIT
### Docket No. 22-1818

UNITED STATES OF AMERICA,

*Appellee,*

—v.—

ADOLFO DIAZ,

*Defendant-Appellant,*

JOSE ALBORNOZ, TONY GARCIA,
RONNY LOPEZ, RUBEN LOPEZ,

*Defendants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR THE UNITED STATES OF AMERICA

DAMIAN WILLIAMS,
*United States Attorney for the
Southern District of New York,
Attorney for the United States
of America.*
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2200

ELI J. MARK,
HAGAN SCOTTEN,
 *Assistant United States Attorneys,*
  *Of Counsel.*

# TABLE OF CONTENTS

PAGE

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . .   1

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

    A.   The Offense Conduct, Conviction, and
          Sentence . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

    B.   The Motion for Compassionate Release . . .   4

ARGUMENT— The District Court Did Not Abuse Its
Discretion in Denying Diaz's Motion for
Compassionate Release. . . . . . . . . . . . . . . . . . . .   7

    A.   Applicable Law . . . . . . . . . . . . . . . . . . . . . . .   7

    B.   Discussion . . . . . . . . . . . . . . . . . . . . . . . . . .   9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

# TABLE OF AUTHORITIES

*Cases*:

*Dillon v. United States,*
    560 U.S. 817 (2010). . . . . . . . . . . . . . . . . . . . . . 7, 10

*Gall v. United States,*
    552 U.S. 38 (2007). . . . . . . . . . . . . . . . . . . . . . . . . 9

*Pepper v. United States,*
    562 U.S. 476 (2011). . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Bass,*
    462 F. Supp. 3d 176 (N.D.N.Y. 2020) . . . . . . . . . 12

ii

PAGE

*United States v. Cavera,*
  550 F.3d 180 (2d Cir. 2008) . . . . . . . . . . . . . . . 9, 11

*United States v. Chambliss,*
  948 F.3d 691 (5th Cir. 2020) . . . . . . . . . . . . . . . . 9

*United States v. Davis,*
  139 S. Ct. 2319 (2019). . . . . . . . . . . . . . . . . . . . . 4

*United States v. Dussard,*
  967 F.3d 149 (2d Cir. 2020) . . . . . . . . . . . . . . . . 4

*United States v. Halvon,*
  26 F.4th 566 (2d Cir. 2022) . . . . . . . . . . .  8, 9, 11

*United States v. Holloway,*
  956 F.3d 660 (2d Cir. 2020) . . . . . . . . . . . . . . . . 8

*United States v. Jones,*
  17 F.4th 371 (2d Cir. 2021) . . . . . . . . . . . . . . . 7, 8

*United States v. Keitt,*
  21 F.4th 67 (2d Cir. 2021) . . . . . . . . . . . . . . . 8, 10

*United States v. Marks,*
  455 F. Supp. 3d 17 (W.D.N.Y. 2020) . . . . . . . . . . 12

*United States v. Mock,*
  612 F.3d 133 (2d Cir. 2010) . . . . . . . . . . . . . . . 10

*United States v. Moore,*
  975 F.3d 84 (2d Cir. 2020) . . . . . . . . . . . . . . . . 11

*United States v. Roney,*
  833 F. App'x 850 (2d Cir. 2020) . . . . . . . .  8, 10, 11

*United States v. Sain,*
  2020 WL 5906167 (E.D. Mich. Oct. 6, 2020) . . . . 12

iii

PAGE

*United States v. Saladino,*
   7 F.4th 120 (2d Cir. 2021) . . . . . . . . . . . . . . . . . . . 8

*United States v. Seshan,*
   850 F. App'x 800 (2d Cir. 2021) . . . . . . . . . . . . . . 8

*United States v. Verkhoglyad,*
   516 F.3d 122 (2d Cir. 2008) . . . . . . . . . . . . . . . . . 9

*Statutes, Rules & Other Authorities:*

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

18 U.S.C. § 3582(c)(1)(A) . . . . . . . . . . . . . . . . . 4, 7, 11

# United States Court of Appeals

## FOR THE SECOND CIRCUIT
## Docket No. 22-1818

---

UNITED STATES OF AMERICA,

*Appellee,*

—v.—

ADOLFO DIAZ,

*Defendant-Appellant,*

JOSE ALBORNOZ, TONY GARCIA, RONNY LOPEZ, RUBEN LOPEZ,

*Defendants.*

---

## BRIEF FOR THE UNITED STATES OF AMERICA

---

### Preliminary Statement

Adolfo Diaz appeals from an order entered on July 28, 2022, in the United States District Court for the Southern District of New York, by the Honorable Richard J. Sullivan, United States Circuit Judge, sitting by designation, denying Diaz's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

Diaz is serving his sentence.

## Statement of Facts

### A. The Offense Conduct, Conviction, and Sentence

In September 2016, Diaz took part in an attempt to rob a drug dealer who he believed was in possession of two kilograms of cocaine. (PSR ¶¶ 14-34).[1] Diaz and his co-conspirators brought a semiautomatic handgun to the scene of the planned robbery, and were arrested by law enforcement officers in the parking lot of a Target store as they prepared to commit the robbery. (PSR ¶¶ 19-28). At the time, Diaz was on bail for committing an unrelated armed robbery of a different drug dealer. (PSR ¶ 19).[2]

Indictment 16 Cr. 719 (RJS) (the "Indictment") was filed on October 27, 2016, charging Diaz in three

---

[1] "PSR" or "Presentence Report" refers to the Presentence Investigation Report prepared by the United States Probation Office (the "Probation Office") in connection with Diaz's sentencing; "Br." refers to Diaz's *pro se* brief on appeal; "SA" refers to the supplemental appendix filed with this brief; and "Dkt." refers to an entry on the District Court's docket for this case. Unless otherwise noted, case text quotations omit all internal quotation marks, case citations, footnotes, and alterations.

[2] In connection with that robbery, Diaz possessed a fake gun and one of Diaz's accomplices possessed a real gun, which he used to shoot (but not kill) the victim. (PSR ¶ 35).

3

counts. Count One charged Diaz with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951. (SA 1, 2). Count Two charged Diaz with conspiracy to distribute and possess with the intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). (SA 2). Count Three charged Diaz with aiding and abetting the use, carrying, and possession of a firearm, during and in relation to the crimes charged in Counts One and Two, in violation of 18 U.S.C §§ 924(c) and 2. (SA 3).

On April 27, 2017, pursuant to a written plea agreement with the Government, Diaz pled guilty to Counts One and Three before United States Magistrate Judge Kevin Nathaniel Fox. (PSR ¶ 7). The District Court subsequently accepted that guilty plea. (PSR ¶ 7).

On January 11, 2019, Diaz appeared before Judge Sullivan for sentencing. Before imposing sentence, Judge Sullivan calculated the recommended sentence under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") as 137 to 156 months' imprisonment. (SA 36). Reviewing the defendant's criminal history, Judge Sullivan observed "a pattern of violence [ ] that is troubling" and "suggest[s] that this is somebody who is kind of dangerous." (SA 44, 45). Discussing the offense, Judge Sullivan recognized that "the facts of this crime are really troubling," because the offense was "really, really dangerous," and could have led to someone getting killed. (SA 67). After considering the defendant's youth and serious mental health history, Judge Sullivan sentenced Diaz to 60 months' imprisonment for Count One and 60 months'

4

imprisonment for Count Three, to be served consecutively, resulting in a total term of 120 months' imprisonment. (SA 69, 70). Diaz did not appeal.

Diaz subsequently filed a motion under 28 U.S.C. § 2255, claiming that his conviction on Count Three was invalid, because conspiracy to commit Hobbs Act robbery is no longer a valid predicate for a Section 924(c) conviction under *United States v. Davis*, 139 S. Ct. 2319 (2019). (Dkt. 286 at 1). Judge Sullivan denied the motion, explaining that Diaz had also admitted the use of a firearm during and in furtherance of a drug-trafficking crime—the conspiracy to steal and redistribute the robbery victim's cocaine charged in Count Two—which remained a valid predicate. (*See* Dkt. 286 at 6-9 (citing, among other cases, *United States v. Dussard*, 967 F.3d 149 (2d Cir. 2020))). Diaz appealed, and this Court dismissed the appeal for failure to seek a certificate of appealability. *See Diaz v. United States*, No. 20-3468 (2d Cir. June 2, 2021).

## B.   The Motion for Compassionate Release

On March 28, 2022, the District Court docketed a *pro se* motion from Diaz requesting compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Dkt. 293). Diaz argued that he should be released based on his participation in rehabilitative and educational programs offered by the Bureau of Prisons. (Dkt. 293 at 3-6). He also claimed that he should be released based on the COVID-19 pandemic and medical conditions, such as breathing issues resulting from a 2013 stabbing and subsequent improper treatment, that increase his

5

odds of becoming seriously ill with COVID-19. (Dkt. 293 at 7-10).

On July 28, 2022, Judge Sullivan denied Diaz's compassionate release motion in a written opinion, holding that a "sentencing reduction is not warranted in light of the factors set forth in 18 U.S.C. § 3553(a)." (SA 78). Judge Sullivan described and commended Diaz's efforts at rehabilitation, including obtaining his GED, completing other prison programs, and working in prison, but found that those positive steps were outweighed by other Section 3553(a) factors. (SA 80).[3]

Judge Sullivan explained that Diaz had played an "active role in a conspiracy to commit robbery, in broad daylight, at a location where innocent bystanders could have been harmed or killed"; that Diaz's conduct was "part of a dangerous and worrisome pattern of violence" and was committed while on bail for an unrelated armed robbery; and that Diaz's "extensive criminal history also raises serious concerns about his risk of recidivism." (SA 81). Those facts, Judge Sullivan

---

[3] Judge Sullivan's opinion denying compassionate release describes the total sentence here as 180 months' imprisonment—120 months on Count One, and 60 months to be served consecutively on Count Three. (SA 79, 80). Both Judge Sullivan's oral pronouncements at sentencing and the written judgement make clear, however, that the total sentence is 120 months' imprisonment—60 months on Count One and 60 months to be served consecutively on Count Three. (*See* SA 70, 71; Dkt. 215 at 2).

6

held, demonstrated "the continuing need to 'protect the public from further crimes' [Diaz] might commit." (SA 81 (quoting 18 U.S.C. § 3553(a)(2)(C))).

In assessing the need to provide just punishment for the offense and avoid unwarranted sentencing disparities, 18 U.S.C. §§ 3553(a)(2)(A), 3553(a)(6), Judge Sullivan observed that Diaz had already received a below-Guidelines sentence and that further reducing his sentence would lead to an unwarranted sentence disparity with a codefendant whom Judge Sullivan regarded as comparably culpable for their joint crimes. (SA 81, 82).[4]

Judge Sullivan also found that Diaz's medical conditions and claimed greater risk from COVID-19 did not warrant a sentence modification because Diaz had not indicated any specific diagnosis pertaining to his breathing difficulties, those breathing issues are—according to medical personnel at Diaz's prison facility— "not an everyday occurrence," Diaz had been

———————

[4] The misdescription of Diaz's sentence in the opinion (*see supra* at 5 n.3) does not undermine this reasoning. Diaz's 120-month total sentence is significantly below the Guidelines recommendation the District Court calculated. (*See* SA 70). The co-conspirator in question, Ronny Lopez (SA 82), also did in fact receive the same sentence as Diaz (*see* Dkt. 199 at 2), and Judge Sullivan had in fact assessed the two codefendants as comparably culpable at the original sentencing (SA 61, 70), just as he continued to do in denying Diaz's motion for compassionate release.

vaccinated against COVID-19, and Diaz has access to adequate medical services in prison. (SA 82-83).

**A R G U M E N T**

### The District Court Did Not Abuse Its Discretion in Denying Diaz's Motion for Compassionate Release

#### A. Applicable Law

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010). One such circumstance, commonly referred to as the "compassionate release" provision, allows a court to "reduce [a] term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Extraordinary and compelling reasons are therefore "necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam). Even where extraordinary and compelling reasons exist, "the court must also consider 'the factors set forth in section 3553(a) to the extent that they are applicable' before it can reduce the defendant's sentence." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)). For the same reason, a district court may deny a motion for compassionate release based solely on the Section 3553(a) factors, without deciding

"whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction." *United States v. Keitt*, 21 F.4th 67, 69 (2d Cir. 2021) (per curiam).

The Section 3553(a) factors include "the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities." *United States v. Roney*, 833 F. App'x 850, 852 (2d Cir. 2020) (citing 18 U.S.C. § 3553(a)).

This Court reviews the denial of a motion for a discretionary sentence reduction for abuse of discretion. *See*, *e.g.*, *Jones*, 17 F.4th at 374; *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021); *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). "[A] district court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022).

A district court's denial of compassionate release based on the Section 3553(a) factors is entitled to "the same deference" as "a district court's imposition of sentence based on its determination of the § 3553(a) factors." *United States v. Seshan*, 850 F. App'x 800, 801 (2d Cir. 2021); *see also Roney*, 833 F. App'x at 853 (the defendant " 'may disagree with how the district court

balanced the § 3553(a) factors, but that is not a suffi-
cient ground' for finding an abuse of discretion" (quot-
ing *United States v. Chambliss*, 948 F.3d 691, 694 (5th
Cir. 2020))); *accord Halvon*, 26 F.4th at 569. That def-
erence recognizes that the district court " 'is in a supe-
rior position to find facts and judge their import under
§ 3553(a) in the individual case,' " and that "reversal is
not justified where 'the appellate court might reason-
ably have concluded that a different sentence was ap-
propriate.' " *Chambliss*, 948 F.3d at 693 (quoting *Gall
v. United States*, 552 U.S. 38, 51 (2007)); *accord United
States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en
banc) (this Court should not "substitute [its] own judg-
ment for the district court's on the question of what is
sufficient to meet the § 3553(a) considerations in any
particular case"). Rather than second-guess the weight
a district court assigned to any particular sentencing
factor, this Court will review only "whether the factor,
as explained by the district court, can bear the weight
assigned it under the totality of circumstances in the
case." *Cavera*, 550 F.3d at 191. Furthermore, in re-
viewing a defendant's challenge to a sentencing court's
Section 3553(a) analysis, this Court "will not assume a
failure of consideration simply because a district court
fails to enumerate or discuss each § 3553(a) factor in-
dividually." *United States v. Verkhoglyad*, 516 F.3d
122, 131 (2d Cir. 2008).

## B.   Discussion

The District Court correctly denied Diaz's motion
based on the Section 3553(a) factors. In particular,
Judge Sullivan found that release was not warranted
given, among other factors, the need to protect the

10

public from Diaz's dangerous conduct, § 3553(a)(2)(C), and the need to provide just punishment for Diaz's offense, § 3553(a)(2)(A). (*See* SA 81-82). Because the District Court properly exercised its broad discretion in concluding that the Section 3553(a) factors weighed against Diaz's release, its order denying his motion should be affirmed. *See Keitt*, 21 F.4th at 73 n.4 ("[A] district court may rely solely on the § 3553(a) factors when denying a defendant's motion for compassionate release.").

Diaz claims that the District Court failed to take his education and rehabilitation efforts into account in weighing the Section 3553(a) factors, citing *Pepper v. United States*, 562 U.S. 476 (2011), for the proposition that "a court should sentence a defendant as he stands before the court today." (Br. 11). But *Pepper* concerned a defendant whose sentence was overturned on appeal. The Supreme Court held that on remand, the district court was permitted to consider evidence of the defendant's post-sentencing rehabilitation in determining a new sentence. *See Pepper*, 562 U.S. at 481. By contrast, this Court has explained that "a compassionate-release motion is not an opportunity to second guess or to reconsider the sentencing court's original decision." *Roney*, 833 F. App'x at 854. Rather, Section 3582(c)(1)(A) allows district courts to modify an otherwise final sentence only where the district court finds that a modification is warranted. *See Dillon*, 560 U.S. at 825 ("§ 3582(c)(2) does not authorize a sentencing or resentencing proceeding."); *United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010) ("[B]ecause § 3582(c)(2) does not authorize a sentencing or resentencing proceeding, a defendant may not seek to attribute error to

11

the original, otherwise-final sentence in a motion under that provision."); *United States v. Moore*, 975 F.3d 84, 90 (2d Cir. 2020) (First Step Act motions, which are governed by 18 U.S.C. § 3582(c)(1)(B), do "not require plenary resentencing or operate as a surrogate for collateral review, obliging a court to reconsider all aspects of an original sentencing.").

In any event, Judge Sullivan did account for Diaz's rehabilitation efforts and applauded him for them, but still found that those efforts were outweighed by the other Section 3553(a) factors. (SA 80). Diaz may disagree with how Judge Sullivan balanced the Section 3553(a) factors, but disagreement with how a district court balances those factors "is not a sufficient ground for finding an abuse of discretion." *Halvon*, 26 F.4th at 569; *see also Roney*, 833 F. App'x at 853.

The Section 3553(a) factors Judge Sullivan relied on can easily "bear the weight" assigned to them "under the totality of circumstances in the case." *Cavera*, 550 F.3d at 191. As Judge Sullivan explained, Diaz's active role in the armed robbery, manifest lack of respect for the law, and extensive criminal history all weighed against his motion. (SA 81-83). Diaz has identified no reason to second-guess Judge Sullivan's assessment that his original sentence remained warranted under Section 3553(a).

The district court cases relied on by Diaz (*see* Br. 12-13) do not suggest a different result. To start, that one court found compassionate release warranted would not suffice to show that a different court abused its discretion in concluding otherwise, even if the cases were similar. And the cases Diaz cites are not similar.

12

In one, the court granted compassionate release to a mail-fraud defendant who was five months from completing his sentence, based in significant part on finding that the defendant was at serious risk from the COVID-19 pandemic, which was then at its height. *See United States v. Bass*, 462 F. Supp. 3d 176 (N.D.N.Y. 2020). In another, the court reduced a 40-year sentence, required at the original sentencing by then-applicable mandatory minimums, to 20 years, leaving the defendant several years of his sentence still to serve. *See United States v. Marks*, 455 F. Supp. 3d 17 (W.D.N.Y. 2020). And the third involved both a harsh sentence required by then-applicable mandatory minimums—in that case, a 20-year sentence for selling marijuana—and heightened risk from COVID-19 at the height of the pandemic. *See United States v. Sain*, 2020 WL 5906167 (E.D. Mich. Oct. 6, 2020). That each of the defendants in those cases had also demonstrated rehabilitation does not suggest that Judge Sullivan abused his discretion in determining that Diaz's rehabilitation was outweighed by the significant violent conduct in his recent past, among other Section 3553(a) considerations.

13

**CONCLUSION**

**The order of the District Court should be affirmed.**

Dated:     New York, New York
           March 21, 2023

                    Respectfully submitted,

                    DAMIAN WILLIAMS,
                    *United States Attorney for the*
                    *Southern District of New York,*
                    *Attorney for the United States*
                    *of America.*

ELI J. MARK,
HAGAN SCOTTEN,
    *Assistant United States Attorneys,*
            *Of Counsel.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned counsel hereby certifies that this brief complies with the type-volume limitation of the Federal Rules of Appellate Procedure and this Court's Local Rules. As measured by the word processing system used to prepare this brief, there are 2,747 words in this brief.

DAMIAN WILLIAMS,
*United States Attorney for the*
*Southern District of New York*

By:  ELI J. MARK,
*Assistant United States Attorney*